UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

YANIRA BATISTA,

    Plaintiff,

v.                                                                              Case No. 13-cv-21906-Moreno/Otazo-Reyes

MIAMI SHINE, LCC, a Florida Limited
Liability Company, and RYAN FOUHY,

    Defendants.
_____/

## DEFENDANTS' NOTICE OF TENDER OF PAYMENT OF CLAIM AND MOTION TO DISMISS COMPLAINT AS MOOT

Defendants, MIAMI SHINE, LLC ("Miami Shine") and RYAN FOUHY ("Fouhy"), by and through their undersigned counsel hereby move the Court to dismiss the Complaint as moot, and in support thereof state:

1. Although Defendants vigorously deny Plaintiff's allegations in the Complaint as to Plaintiff's entitlement to overtime wages under the Fair Labor Standards Act ("FLSA"), in the interests of an expeditious resolution and efficient use of this Court's time and resources, Defendants have tendered payment in full of Plaintiff's claim, including liquidated damages, in the total amount of $1,995.  *See* Copy of payment made in full (**EXHIBIT A**) and receipt of same (**Exhibit B**).

2. Payment in full renders Plaintiff's claim moot. *Dionne v. Floormasters Enterprises, Inc.*, 667 F.3d 1199 (11th Cir. 2012).

3. A tender of payment in full for all amounts that could possibly be owed to Plaintiff, according to Plaintiff's own version of the facts in the record of this action (DE #1), eliminates any controversy or cause of action available.

4. Dismissal with prejudice, pursuant to Fed. R. Civ. P. 12 is appropriate and necessary. This Court no longer has subject matter jurisdiction.

5. Furthermore, Plaintiff's claim for attorneys' fees and costs is also mooted.   Plaintiff is not entitled to attorneys' fees and costs because Plaintiff is not a prevailing party. "The FLSA plainly requires that the plaintiff receive a judgment in his favor to be entitled to attorney's fees and costs." *Id.* At 1205.

6. By tendering payment, Plaintiff has recovered the maximum amount of damages available to her.   The Court cannot allow litigation to proceed merely for compensation of counsel. *Gathagan v. Rag Shop/Hollywood, Inc*, 2005 WL 6504414 (S.D. Fla. 2005). (Defendant's tender of plaintiff's maximum recoverable damages rendered plaintiff's case moot).

   WHEREFORE, Defendants request this Court Dismiss Plaintiff's Complaint with prejudice, and award any such other relief as may be just and appropriate under the circumstances.

   Respectfully submitted,

   */s/   Netali Peles*
   Netali Peles, Esq.
   Florida Bar No. 84558
   Counsel for Defendants
   Executive Law Group
   801 Brickell Ave., Suite 913
   Miami, FL 33131
   (305) 789–6638
   Netali@execlawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 25th, 2013, I electronically filed and served the foregoing using the CM/ECF system.

*/s/   Netali Peles*
Netali Peles, Esq.
Florida Bar No. 84558

EXHIBIT A


**UNITED STATES POSTAL SERVICE**

Date: June 26, 2013

Netali Peles:

The following is in response to your June 26, 2013 request for delivery information on your Express Mail® item number EI958654690US. The delivery record shows that this item was delivered on June 25, 2013 at 11:23 am in HOLLYWOOD, FL 33021 to B ROLLER. The scanned image of the recipient information is provided below.

Signature of Recipient :  

Schwartz Roller LLP
3876 Sheridan Street
Hollywood, Florida 33021

Address of Recipient : 

3876 SHERIDAN

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

EXHIBIT B