UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

YANIRA BATISTA,

    Plaintiff,

v.                                              Case No. 13-cv-21906-Moreno/Otazo-Reyes

MIAMI SHINE, LCC, a Florida Limited
Liability Company, and RYAN FOUHY,

    Defendants.
_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendants, MIAMI SHINE, LLC ("Miami Shine") and RYAN FOUHY ("Fouhy"), file this Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, and state:

## INTRODUCTION

There are two issues before the Court on this motion: First, whether a tender of payment of full damages in a Fair Labor Standards Act ("FLSA") case is considered payment in full which effectively moots the claim, and second, if so, whether a plaintiff is entitled to attorney's fees and costs. Based on the arguments of the parties in the pleadings on this matter, this Court should rule that a tender of damages is full payment which does moot a claim, and that a plaintiff in such a situation is not entitled to attorney's fees.

As this Reply is limited to the rebuttal of matters raised in Plaintiff's memorandum in opposition, the Defendant addresses such arguments accordingly.

## ARGUMENT

### The *Zinni* Case is Distinguishable

1. In opposition to the motion at issue, Plaintiff cites to the case of *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162 (11th Cir. 2012), in an attempt to argue that it overrules the binding case of *Dionne v. Floormasters Enterprises, Inc.*, 667 F.3d 1199 (11th Cir. 2012). Nevertheless, the *Zinni* case is distinguishable for the following reasons:

2. First, *Zinni* is a case about a Fair Debt Collection Practices Act ("FDCPA ") and not a Fair Labor Standards Act ("FLSA") claim as here*1*.

3. Second, the basis for the Court's ruling in *Zinni* was premised upon the fact that Plaintiff there requested a judgment to be entered against Defendant, not just monetary damages. "Each of the Appellants requested that the district court enter judgment in his or her favor and against an Appellee as part of the prayer for relief in the complaint." *Zinni* at 1167. Plaintiff in our case, however, has only requested in her prayer for relief, damages in the amount tendered [DE #1]. The decision in *Zinni* was based on the fact that if there is no judgment, then the parties may not be able to use the Court to enforce and offer of payment because the Court will no longer has jurisdiction. This problem does not exist here, as Defendant has already tendered full payment via check*2*. The case of *Gilliam v. Walmart Stores East, LP*, 2012 WL 442979 (M.D. Fla 2012) is contrary to that assertion, and is discussed further below. Also, in *Dionne*, the Court effectively mooted a claim and explicitly noted that a judgment was *not* being entered, hence

---

1 In FDCPA claims, the attorney's fees and costs provisions come from an entirely different motive, and cannot be comparable. For instance, in FDCPA claims, a defendant may be awarded attorney's fees if the claim is found to have been brought in bad faith, unlike FLSA claims where only the Plaintiff can be awarded attorney's fees.

2 As the Defendants argued in *Gilliam v. Walmart Stores East,* 2012 WL 442979 (M.D. Fla 2012), subject matter jurisdiction cannot be created or lost simply by the consent or lack of consent by the parties. Similarly the Plaintiff's returning the tender of payment does not allow her to decide that her claim is not moot.

the precise reason why attorney's fees and costs should not be awarded. ("The FLSA plainly requires that the plaintiff receive a judgment in his favor to be entitled to attorney's fees and costs." *Dionne* at 1205.)

4. Third, the *Zinni* decision does not cite to nor mention the *Dionne* case, and therefore that Court had no intention of overruling *Dionne*, as Plaintiff attempts to argue. In fact, in footnote 7, the Court noted, "This is an issue of First Impression on the Court" emphasizing the fact that the cases are not related and should not be interpreted in a way where one overrules the other.

**The *Tapia* Case is distinguishable**

5. Plaintiff also cites to *Tapia v. Florida Cleanex, Inc.* 2012 WL 7965871 (S.D. Fla. 2012). However, as the lower court noted in *Tapia v. Florida Cleanex, Inc.* 2011 WL 10605734, "In *Dionne*, Defendant immediately tendered payment at the very beginning of the case. Here, Defendants have litigated for over two years." The same distinction exists in our case.

**A Tender of the Full Amount of Damages Claimed is Sufficient**

6. Furthermore, Defendant's contention that the amount was not paid in full because it did not include attorney's fees and costs is wrong, as this Court ruled in the cases cited to here. The Court cannot allow litigation to proceed merely for compensation of counsel. *Gathagan v. Rag Shop/Hollywood, Inc*, 2005 WL 6504414 (S.D. Fla. 2005). (Defendant's tender of plaintiff's maximum recoverable damages rendered plaintiff's case moot).

**Plaintiff cannot Avoid Mootness by Rejecting the Payment**

7. The facts in *Gilliam v. Walmart Stores East, LP*, 2012 WL 442979 (M.D. Fla 2012) are identical to our case, as there, the Plaintiff notified the Defendant and the Court that they were rejecting the tender of payment, and returned the check. The Court still affirmed the decision in *Dionne*:

> In this case, the fact pattern is identical to *Dionne II* except that plaintiff herein does not concede mootness. Not only has plaintiff's counsel not cashed the check, but he now reports that it has been returned to defendant. Defendant argues that mootness is a subject matter jurisdiction issue, and subject matter jurisdiction cannot be created or lost simply by the consent or lack of consent by the parties … The undisputed facts establish that the case is moot because the full amount of damages owed to plaintiff and requested by plaintiff were tendered to counsel.
> *Id.* at 1.

8. Furthermore, the Court in *Galliam* noted that even if the issue of attorney's fees still stands, the claim itself is still moot, and that a dismissal of the case is actually considered a judgment:

   > *The* Court, of course, takes *Dionne II* at its word that *Dionne II* "should not be construed as authorizing the denial of attorney's fees, requested by an employee, solely because an employer tendered the full amount of back pay owing to an employee, ..." *Id.* 2012 WL at *7, n. 5. An order dismissing a complaint with prejudice is a "judgment", since Fed.R.Civ.P. 54(a) defines "judgment" to mean "a decree and any order from which an appeal lies," and an appeal lies from an involuntary order of dismissal, *Robinson v. Federal Nat'l Mortg. Ass'n,* 673 F.2d 1247, 1249 (11th Cir.1982). The Court need not decide the attorney fees issue, however, because defendant's motion simply asks for an order dismissing the Complaint with prejudice as moot, and plaintiff has not yet presented a separate motion to the Court for attorney's fees.
   > *Id.* at 1.

9. Finally, the Court should grant the Defendant's motion as a policy decision.  The attorney's fees provision in the FLSA statute was drafted to protect employees.  However, such protection also has the opposite effect, because employees are encouraged to file meritless claims based on the fact that they have nothing to lose, and employers, who can only lose, would rather settle.  If an employer cannot even effectively moot a claim by paying the full amount requested at such an early stage in litigation and before a response is even filed, then there is nothing in the way of discouraging plaintiffs to flood the Courts with meritless claims by employees who have nothing to lose and only monetary damages to gain.

WHEREFORE, Defendants request this Court Dismiss Plaintiff's Complaint with prejudice, and award any such other relief as may be just and appropriate under the circumstances.

Respectfully submitted,

/s/   Netali Peles  
Netali Peles, Esq.  
Florida Bar No. 84558  
Counsel for Defendants  
Executive Law Group  
801 Brickell Ave., Suite 913  
Miami, FL 33131  
(305) 789–6638  
Netali@execlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2013, I electronically filed and served the foregoing using the CM/ECF system.

/s/   Netali Peles  
Netali Peles, Esq.  
Florida Bar No. 84558
